UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Theodore Alexander,  Case No. 4:18-cv-2926

   Petitioner,

v.  MEMORANDUM OPINION
AND ORDER

David W. Gray, Warden

   Respondent.

## I. Introduction

Petitioner Theodore Alexander, an inmate at the Belmont Correctional Institution in St. Clairsville, Ohio, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction in the Mahoning County, Ohio Court of Common Pleas on charges of murder and felonious assault. (Doc. No. 4). Magistrate Judge Carmen E. Henderson reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny Alexander's petition. (Doc. No. 16). Alexander filed objections to Judge Henderson's Report and Recommendation. (Doc. No. 18). For the reasons stated below, I overrule Alexander's objections and adopt Judge Henderson's Report and Recommendation.

## II. Background

On October 31, 2013, Alexander was charged by a Mahoning County grand jury with two counts of murder and one count of felonious assault. *State v. Alexander*, 2018-Ohio-1433, 2018 WL 1779369, at *2. The case proceeded to a jury trial, where Alexander was convicted of murder in violation of Ohio Revised Code § 2903.02(B) and felonious assault in violation of Ohio Revised

Code § 2903.11(A)(2).  *Id.*  The trial court sentenced Alexander to a prison term of fifteen years to life.  *Id.*  Alexander's subsequent appeal of his conviction was denied.

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  A petitioner must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect.  *Id.  See also Burt v. Titlow*, 571 U.S. 12, 18 (2013) ("The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)).

Alexander does not object to Judge Henderson's description of the factual and procedural background of his state court proceedings.  Therefore, I adopt those sections of the Report and Recommendation in full.  (Doc. No. 16 at 1-5).

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'"  *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

### A. GROUND ONE

Alexander presents one ground for relief, that his convictions for murder and felonious assault were not supported by sufficient evidence. (Doc. No. 4 at 5).

In a sufficiency-of-the-evidence claim, a defendant asserts his conviction violated his due-process rights because the evidence did not "reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). "[E]vidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Coleman v. Johnson*, 566 U.S. 650, 654 (2012) (quoting *Jackson*, 443 U.S. at 319) (emphasis in *Jackson*). This "deferential" standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman*, 566 U.S. at 655 (quoting *Jackson*, 443 U.S. at 319).

Moreover, a habeas petitioner must show more than that "reasonable minds reviewing the record might disagree with the state court's factual determination . . . ." *Carter v. Bogan*, 900 F.3d 754, 768 (6th Cir. 2018). Section 2254(d)(2) "imposes a highly deferential standard" which requires that "the record must '*compel* the conclusion that the [state] court had no permissible alternative' but

3

to arrive at the contrary conclusion." *Carter*, 900 F.3d at 768 (quoting *Rice v. Collins*, 546 U.S. 333, 341-42 (2006)) (emphasis and alteration in *Rice*).

Alexander raised a sufficiency of the evidence claim in his direct appeal from his conviction. The Seventh District Court of Appeals considered this claim and rejected it:

> Appellant contends that his story of events remained consistent throughout, but this is clearly contradicted by Rodway. The state presented testimony from at least three other witnesses which contradicted Appellant's statements to the police, and Appellant's statements continued to change over time. The kitchen knife found in Appellant's kitchen sink was consistent with the decedent's wounds. No blood was found outside the apartment or in the stairwell, but was found in Appellant's dining room and kitchen. This record reflects that the state presented sufficient circumstantial evidence that, if believed, would lead a reasonable person to conclude that Appellant caused West's death. Appellant's sufficiency of the evidence argument is without merit.

*Alexander*, 2018 WL 1779369, at *6.[1]

Judge Henderson recommends I conclude the Seventh District's denial of Alexander's claim was not an unreasonable application of federal law and that the appellate court's determination of the facts was not unreasonable in light of the evidence presented. (Doc. No. 16 at 9-13). Alexander objects to this recommendation, arguing "[t]he lower courts and the Magistrate [Judge] have relied totally on this circumstantial evidence while ignoring the major deficiencies in the main circumstantial evidence that they have relied on." (Doc. No. 18 at 2).

Alexander contends there was (1) no evidence connecting the knives in his apartment to the decedent's wound, (2) no evidence of a physical altercation between himself and the decedent, and (3) no blood found on his body or clothing. (*Id.* at 3-4). He also argues the fact that he called the

---

[1] The state appellate court applied the correct legal standard, relying on *State v. Thompkins*, 678 N.E.2d 541 (1997), which applied the *Jackson* Court's holding that "a conviction based on legally insufficient evidence constitutes a denial of due process." *Id.* at 546 (citing *Tibbs v. Florida*, 457 U.S. 31, 45 (1982) and *Jackson*, 443 U.S. 307).

police (and police arrived) before the victim died is inconsistent with a finding of guilt. (*Id.* at 5). Finally, he asserts that the combination of the evidence presented and the lack of any physical evidence means "it was not proven beyond a reasonable doubt that it was Mr. Alexander that actually inflicted the wound to Mr. West." (*Id.* at 5-6).

Alexander's objections are not persuasive. As I noted above, § 2254(d)(2) "imposes a highly deferential standard" to a habeas court's review of the state court's factual determinations. *Carter*, 900 F.3d at 768. "A court may not grant the writ solely on the belief that reasonable minds could disagree about how to interpret the facts." *Griffin v. Buchanan*, 852 F. App'x 199, 204 (6th Cir. 2021) (citing *Brumfield v. Cain*, 576 U.S. 305, 314 (2015)). And "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2012)).

While it is true the state's case was almost entirely based on circumstantial evidence, this is not a reason to disregard the jury's verdicts or the appellate court's resolution of Alexander's appeal, as "circumstantial evidence alone can defeat a sufficiency [of the evidence] challenge." *United States v. Volkman*, 797 F.3d 377, 390 (6th Cir. 2015) (citing *United States v. Washington,* 702 F.3d 886, 891 (6th Cir. 2012)). Alexander's disagreement with the result of his trial and appeal in state court falls short of "compel[ling] the conclusion that the [state] court had no permissible alternative but to arrive at the contrary conclusion." *Carter*, 900 F.3d at 768 (citation, internal quotation marks, and emphasis omitted) (second alteration in original). Therefore, I overrule his objections and adopt Judge Henderson's recommendation.

### B. CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

5

2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Alexander's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## V. Conclusion

For the reasons stated above, I overrule Alexander's objections, (Doc. No. 16), to Judge Henderson's Report and Recommendation, (Doc. No. 14), and adopt the Report and Recommendation in full. I conclude Alexander's sole ground for relief lacks merit and deny his petition. (Doc. No. 4).

I also conclude Alexander fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge